Leland STAUCH, Appellant,

v.

UNISYS CORPORATION, also known as Sperry Corporation; First Unum Life Insurance Company, Appellees.

No. 93–2344.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 18, 1994.

Decided May 23, 1994.

John Theodore Anderson, Minneapolis, MN, argued, for appellant.

G. Steven Rowe, Portland, ME, argued (John Harper, III, Minneapolis, MN, on the brief), for appellees.

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

Leland Stauch brought this action seeking recovery of benefits under a group disability policy purchased by his employer, defendant Unisys Corporation, from defendant First Unum Life Insurance Company. The parties agree that the disability policy was part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001–1461. Stauch argued to the district court that defendants erroneously applied the policy's limitation for disability due to mental illness to his claim for benefits. The district court disagreed and granted summary judgment in favor of defendants. We affirm.

The disability policy in question limits benefits for disability due to mental illness as follows:

Benefits for disability due to mental illness or substance abuse will not exceed 24 months of monthly benefit payments unless the insured meets one of these situations.

1. The insured is in a hospital or institution at the end of the 24–month period. The monthly benefit will be paid during the confinement....

2. The insured continues to be disabled and becomes confined:

a. after the 24–month period; and

b. for at least 14 days in a row.

The policy defines "mental illness" as "mental, nervous or emotional diseases or disorders of any type."

Stauch filed a claim for benefits in the fall of 1986. Defendants paid benefits to Stauch from November 20, 1986, until October 20, 1988, based on the twenty-four month mental illness limitation in the policy. Defendants continued to pay benefits through June 20, 1989, while they further investigated Stauch's claim. Following investigation, defendants concluded that Stauch's disability was due to mental illness and that he did not meet the two exceptions for extension of disability benefits beyond twenty-four months. Stauch sought review and reconsideration of the decision based upon additional medical reports. After reviewing these medical reports, defendants affirmed their initial determination.

Stauch commenced this action in state court, and defendants timely removed it based on federal question and diversity jurisdiction. The district court, applying *Brewer v. Lincoln National Life Ins. Co.*, 921 F.2d 150 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2872, 115 L.Ed.2d 1038 (1991), concluded that Stauch suffered from a disability due to mental illness within the ordinary meaning of that term and within the meaning of that term as it is used in the disability policy. Stauch argues on appeal that varying medical diagnoses created a genuine issue of material fact as to whether he suffers from a mental illness within the meaning of the policy. He distinguishes *Brewer* on the grounds that in *Brewer* there was a firm diagnosis of a single, definable condition known as affective mood disorder.

In *Brewer*, we held that the terms of an ERISA plan should be given their ordinary, and not specialized, meanings. We instructed:

The cause of a disease is a judgment for experts, while laymen know and understand symptoms. Laymen undoubtedly are aware that some mental illnesses are organically caused while others are not; however, they do not classify illnesses based on their origins. Instead, laypersons are inclined to focus on the symptoms

of an illness; illnesses whose primary symptoms are depression, mood swings and unusual behavior are commonly characterized as mental illnesses regardless of their cause.

*Id.* at 154.

 Thus, for the purpose of determining Stauch's entitlement to disability benefits, the varying opinions of doctors regarding the cause of Stauch's illness were not material. The relevant question was whether the illness fell within the mental illness limitation provision of the disability policy, and the district court correctly focused on the symptoms of Stauch's illness in order to make this determination. Although the medical opinions differed regarding the cause of Stauch's illness, Stauch's symptoms remained the same. He complained of depression, fatigue, irritability, sleeplessness, poor appetite, and impaired concentration and memory. We conclude that, based on these symptoms, Stauch suffered from what laypersons would consider a "mental, nervous or emotional disease or disorder of any type."

The judgment is affirmed.